UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AARON LAVELLE LEE,

                    Plaintiff,                    Case No. 1:15-cv-379

v.                                          Honorable Janet T. Neff

KALAMAZOO COUNTY JAIL  et al.,

                    Defendants.

_____/

**<u>OPINION</u>**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Kalamazoo County Jail.  The Court will serve the complaint against Defendant Unknown Ampey.

## Discussion

### I.    Factual allegations

Plaintiff Aaron Lavelle presently is incarcerated with the Michigan Department of Corrections at the Chippewa Correctional Facility.  He sues the Kalamazoo County Jail and Kalamazoo County Deputy Sheriff (unknown) Ampey.

According to the complaint, Defendant Ampey arrested Plaintiff without a warrant on September 3, 2013.  Plaintiff was not charged until September 6, 2013, and he was not brought before a judicial officer for a determination of probable cause during those three days.  Plaintiff contends that Defendant Ampey violated his rights under MICH. COMP. LAWS § 764.13 and the Fourth Amendment of the United States Constitution by not bringing him before a judicial officer within 48 hours.  Plaintiff also contends that the Kalamazoo County Jail and Sheriff's Department had the responsibility to ensure that Plaintiff received the judicially required probable-cause hearing, but failed to meet this obligation.  He therefore contends that the Kalamazoo County Jail is liable for Defendant Ampey's failure to ensure he received a hearing.  Plaintiff seeks compensatory damages in excess of $75,000.00.

### II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the Kalamazoo County Jail. The jail is a building, not an entity capable of being sued in its own right. The Court therefore will dismiss the Kalamazoo County Jail.

In his allegations, Plaintiff also alleges that the Kalamazoo County Sheriff's Department is responsible for the Fourth Amendment violation, though he does not name the

department as a Defendant in the action.  The sheriff's department does not exist as a separate legal entity; it is simply an agent of the county.  *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)).  However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kalamazoo County.  Kalamazoo County may not be held vicariously liable for the actions of its employees under § 1983.  *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's claim against the county essentially rests on a theory of vicarious liability and therefore does not state a claim.  *Id.*  As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359.  Plaintiff fails to allege the existence of a policy or custom of unlawful detention without hearing, and he makes absolutely no factual allegations that would suggest the existence of such a policy.  Plaintiff therefore fails to state a claim against Kalamazoo County.

Upon review, the Court concludes that Plaintiff has sufficiently alleged a Fourth Amendment claim, in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991) (holding that, following a warrantless arrest, a pretrial detainee presumptively must be brought before a judge within 48 hours), against Defendant Ampey.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Kalamazoo County Jail will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court will serve the complaint against Defendant Ampey.

An Order consistent with this Opinion will be entered.


Dated:  May 18, 2015                          /s/ Janet T. Neff
                                                         Janet T. Neff
                                                         United States District Judge