UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON LAVELLE LEE #786287,

    Plaintiff,                             Hon. Janet T. Neff

v.                                            Case No. 1:15 CV 379

KALAMAZOO COUNTY JAIL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #12). Plaintiff initiated the present action on April 8, 2015, against the Kalamazoo County Jail and Kalamazoo County Sheriff's Deputy Wilbur Ampey. In his complaint, Plaintiff alleges that on September 3, 2013, he was arrested by Deputy Ampey. Plaintiff asserts that this was a warrantless arrest and, furthermore, that following his arrest he was detained for three days before "charges were filed" or he was brought before a judicial officer. Plaintiff alleges that this conduct violated his Fourth Amendment rights. Plaintiff's claims against the Kalamazoo County Jail were dismissed on screening. (Dkt. #5-6). Deputy Ampey now moves for summary judgment. Plaintiff has failed to respond to the present motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action terminated.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

In support of his motion for summary judgment, Defendant Ampey has submitted evidence which reveals the following. On August 24, 2013, Plaintiff, who was then on parole, assaulted his girlfriend breaking her jaw. (Dkt. #13, Exhibits 1-3). Defendant Ampey investigated this incident after which the decision was made to arrest Petitioner for violating the terms of his parole. (Dkt. #13, Exhibits 1-3, 5). On September 2, 2013, Plaintiff was arrested by his parole officer, Andrew Pearson, and transported to the Kalamazoo County Jail. (Dkt. #13, Exhibit 8).[1] Deputy Ampey neither participated in nor was involved in Plaintiff's arrest. (Dkt. #13, Exhibit 1). On September 5, 2013, an arrest warrant charging Plaintiff with domestic violence was signed by a state judicial official. (Dkt. #13, Exhibit 6). Plaintiff was subsequently returned to the custody of the Michigan Department of Corrections for violating the terms of his parole. (Dkt. #13, Exhibit 7). Plaintiff was later convicted of the aforementioned domestic violence charge. (Dkt. #13, Exhibit 7). Plaintiff has presented no evidence to the contrary.

The Fourth Amendment to the United States Constitution requires a "prompt determination of probable cause after a warrantless arrest and detention." *S.L. ex rel. K.L. v. Pierce Township Board of Trustees*, 771 F.3d 956, 961 (6th Cir. 2014). Generally, this mandates that a judicial determination of probable cause occur within 48 hours of a warrantless arrest. *Id.* Responsibility for

---

[1] Exhibit 8 to Defendant's motion is a copy of Defendant's First Requests for Admission to Plaintiff. By failing to respond to these requests to admit, Plaintiff is deemed to have admitted such. *See* Fed. R. Civ. P. 36(a)(3).

ensuring that this right is respected falls to the individual who effected the arrest, in this case Plaintiff's parole officer, Andrew Pearson. *See Drogosch v. Metcalf*, 557 F.3d 372, 378-79 (6th Cir. 2009). As noted above, Deputy Ampey's involvement in this matter was limited to investigating Plaintiff's assault of his girlfriend. Ampey was not involved in Plaintiff's arrest. Accordingly, even if Plaintiff's Fourth Amendment rights were violated, Defendant Ampey was not responsible for such. Accordingly, the undersigned recommends that Defendant Ampey's motion for summary judgment be **granted**.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #12), be **granted** and this action terminated. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 4, 2016      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge